■ JOAN B. GRAVINA et al., Respondents, v STEPHEN J. WAK-SCHAL et al., Appellants, et al., Defendants. (Action No. 1.) JEN-NIFER GRAVINA et al., Respondents, v STEPHEN J. WAKSCHAL et al., Appellants, and JOAN B. GRAVINA, Respondent. (Action No. 2.) [679 NYS2d 420] —In two related actions to recover damages for personal injuries, etc., Stephen J. Wakschal and General Electric Credit Auto Lease, Inc., defendants in both actions, appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Cusick, J.), dated November 19, 1997, as (a) granted the cross motion of the plaintiffs in Action No. 1 for partial summary judgment on the issue of liability against them, (b) granted the motion of the plaintiffs in Action No. 2 for summary judgment against them, and (c) granted the cross motion of Joan B. Gravina, a defendant in Action No. 2, for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.

Ordered that the appeal from so much of the order as dismissed the complaint in Action No. 2 insofar as asserted against Joan B. Gravina is dismissed, as the appellants are not aggrieved by that part of the order; and it is further,

Ordered that the order is affirmed insofar as appealed from and reviewed; and it is further,

Ordered that the respondents appearing separately and filing separate briefs are awarded one bill of costs.

The plaintiffs Joan B. Gravina (hereinafter Gravina) and her daughter, Jennifer Gravina (hereinafter Jennifer), allegedly were injured in a motor vehicle accident on April 26, 1986, at the intersection of Seaview Avenue and Magnolia Avenue on Staten Island. At the time, Jennifer was a passenger in the car being operated by Gravina when that car came into contact with a vehicle being operated by the defendant Stephen J. Wakschal, and owned by the defendant General Electric Credit Auto Lease, Inc. (hereinafter GE Credit), when Wakschal's vehicle went through a stop sign. The Supreme Court granted the plaintiffs' motions for partial summary judgment against Wakschal and GE Credit. On appeal, Wakschal and GE Credit argue that a triable issue of fact exists because Gravina admitted at her examination before trial that she did not see the Wakschal car until the accident.

The evidence submitted by the plaintiffs on their motions established that Gravina had the right of way and that Wakschal failed to stop at the stop sign facing him. This was sufficient to make out a prima facie case that the accident resulted solely from Wakschal's negligence (see, Vehicle and Traffic Law § 1142 [a]; Ponticello v Wilhelm, 249 AD2d 459). In opposition

to the motions, the appellants relied upon Gravina's deposition testimony to the effect that she did not see Wakschal's vehicle until the contact. However, that evidence failed to raise a triable issue of fact and was insufficient to defeat the motion for summary judgment (*see, Maxwell v Land-Saunders,* 233 AD2d 303). Mangano, P. J., Miller, Thompson and Luciano, JJ., concur.