■ CARA H. LIEBERMAN, Appellant, v DOMENICA A. MILLER, Respondent. (Action No. 1.) DOMENICA A. MILLER et al.,

Respondents, v CARA H. LIEBERMAN et al., Appellants. (Action No. 2.) [760 NYS2d 522] —In two related actions to recover damages for personal injuries, etc., which were joined for trial, Cara H. Lieberman, the plaintiff in action No. 1, appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Martin, J.), dated September 4, 2002, as granted the motion of Domenica A. Miller, the defendant in Action No. 1, for summary judgment dismissing the complaint in that action, Cara H. Lieberman, a defendant in Action No. 2, separately appeals, as limited by her brief, from so much of the same order as granted that branch of the motion of Domenica A. Miller and Leslie Miller, the plaintiffs in Action No. 2, which was for summary judgment on the issue of liability against her and struck her affirmative defense of "contributory negligence," and granted the cross motion of Chase Manhattan Automotive Finance Corp., a defendant in Action No. 2, for summary judgment on its cross claim for indemnification, and Chase Manhattan Automotive Finance Corp., a defendant in Action No. 2, separately appeals from so much of the same order as granted that branch of the motion of Domenica A. Miller and Leslie Miller, the plaintiffs in Action No. 2, which was for summary judgment on the issue of liability against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

Domenica A. Miller and Leslie Miller established, prima facie, their entitlement to summary judgment by demonstrating that Cara H. Lieberman, whose travel was governed by a stop sign, entered the intersection in question without yielding the right-of-way to the vehicle operated by Domenica A. Miller (*see* Vehicle and Traffic Law 1142 [a]; *Batal v Associated Univs.,* 293 AD2d 558, 559 [2002]; *Szczotka v Adler,* 291 AD2d 444 [2002]). In opposition, Cara H. Lieberman and Chase Manhattan Automotive Finance Corp. failed to raise a triable issue of fact as to whether Domenica A. Miller was comparatively negligent. Accordingly, the Supreme Court properly granted the Millers' motions.

Furthermore, the Supreme Court properly granted the cross motion of Chase Manhattan Automotive Finance Corp. for summary judgment on its cross claim for indemnification (*see ELRAC, Inc. v Ward,* 96 NY2d 58, 77-78 [2001]; *Morris v Snappy Car Rental,* 84 NY2d 21, 26-30 [1994]). Florio, J.P., Schmidt, Townes and Crane, JJ., concur.