TROY MORGAN et al., Appellants, v BRIAN P. HACHMANN et al., Respondents. [780 NYS2d 33]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Werner, J.), dated February 11, 2004, which denied their motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

The plaintiffs established their prima facie entitlement to summary judgment on the issue of liability by demonstrating that the defendant Brian P. Hachmann (hereinafter Hachmann) failed to yield the right-of-way to a vehicle driven by the plaintiff Troy Morgan (hereinafter Morgan) as Morgan's vehicle approached an intersection controlled by a stop sign in Hachmann's direction (*see* Vehicle and Traffic Law § 1142 [a]; § 1172 [a]; *Lieberman v Miller*, 305 AD2d 640, 641 [2003]; *Yusupov v Lugo*, 305 AD2d 496 [2003]; *Disher v Ahern*, 294 AD2d 393 [2002]; *Szczotka v Adler*, 291 AD2d 444 [2002]). Morgan was entitled to assume that Hachmann would obey the traffic laws requiring him to yield (*see Wilkins v Davis*, 305 AD2d 584 [2003]; *Stiles v County of Dutchess*, 278 AD2d 304 [2000]). The question of whether Hachmann stopped at the stop sign is not dispositive, since the evidence established that he failed to yield even if he did stop (*see Klein v Byalik*, 1 AD3d 399, 400 [2003]; *Bolta v Lohan*, 242 AD2d 356 [1997]).

In opposition to the plaintiffs' prima facie showing, the defendants failed to submit sufficient admissible evidence to raise a triable issue of fact as to whether Morgan was negligent

(*see Ali v Tip Top Tows*, 304 AD2d 683 [2003]). Hachmann's contention that his accident report was admissible is without merit (*see Hegy v Coller*, 262 AD2d 606 [1999]; *Daliendo v Johnson*, 147 AD2d 312, 321 [1989]), and in any event, the accident report contradicted his examination before trial. Therefore, the plaintiffs' motion for summary judgment on the issue of liability should have been granted. Smith, J.P., Krausman, Crane and Spolzino, JJ., concur.