■ FRANCIS PLATT, Respondent, v YOCEF M. WOLMAN, Appellant. [816 NYS2d 121]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Douglass, J.), dated June 15, 2005, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The instant case involves a motor vehicle accident that occurred at the intersection of Elm Avenue and East 12th Street in Brooklyn. The van in which the plaintiff was a passenger was on East 12th Street, which had a stop sign, while the defendant was operating his automobile on Elm Avenue, which was a through street.

In support of his motion for summary judgment, the defendant established that the operator of the van failed to properly observe and yield to cross traffic before proceeding into the intersection (see Vehicle and Traffic Law § 1142 [a]; § 1172 [a]; *Meliarenne v Prisco,* 9 AD3d 353 [2004]; *Morgan v Hachmann,* 9 AD3d 400 [2004]). The defendant, who had the right of way, was entitled to assume that the operator of the van would obey the traffic laws requiring her to yield (see *Rossani v Rana,* 8 AD3d 548 [2004]). The plaintiff's contention in the Supreme Court, in effect, that there is a triable issue of fact as to the defendant's negligence because he allegedly failed to see that which by the proper use of his senses he should have seen, is unsupported by the record and based upon speculation (see *Klein v Byalik,* 1 AD3d 399 [2003]).

Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been granted. Adams, J.P., Rivera, Skelos and Lifson, JJ., concur.