■ PERITA MATEIASEVICI et al., Respondents, v DAWN M. DACCORDO et al., Appellants. [825 NYS2d 502]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Johnson, J.), dated December 8, 2005, which granted the plaintiffs' motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The plaintiffs demonstrated their prima facie entitlement to judgment as a matter of law on the issue of liability by establishing that the defendants' vehicle proceeded into an intersection controlled by a stop sign without yielding the right of way to their approaching vehicle (*see* Vehicle and Traffic Law § 1142 [a]).

There may be more than one proximate cause of an accident and the fact that the defendant Armando Daccordo (hereinafter Daccordo) allegedly "ran" the stop sign does not preclude a

finding that comparative negligence by the plaintiff Perita Mateiasevici (hereinafter Mateiasevici) contributed to the incident. A driver with a right of way has a corresponding duty to use reasonable care to avoid a collision (*see Cox v Nunez*, 23 AD3d 427 [2005]; *Romano v 202 Corp.*, 305 AD2d 576).

The defendants' speculative and conclusory assertions that Mateiasevici was speeding and failed to take reasonable evasive action to avoid the accident are, however, unsupported by the record (*see Platt v Wolman*, 29 AD3d 663 [2006]; *McNamara v Fishkowitz*, 18 AD3d 721 [2005]; *Ishak v Guzman*, 12 AD3d 409 [2004]; *Nolan v Mizrahi*, 12 AD3d 430 [2004]; *Trzepacz v Jara*, 11 AD3d 531 [2004]; *Meliarenne v Prisco*, 9 AD3d 353 [2004]; *Morgan v Hachmann*, 9 AD3d 400 [2004]; *Spatola v Gelco Corp.*, 5 AD3d 469 [2004]). He had the right of way and was entitled to assume that Daccordo would obey the traffic laws requiring him to yield (*see Platt v Wolman, supra*). Accordingly, there being no triable issues of fact raised by the defendants, the Supreme Court properly granted the plaintiffs' motion for summary judgment on the issue of liability (*see* CPLR 3212 [e]). Adams, J.P., Rivera, Skelos and Lifson, JJ., concur.