■ MOURAD MIZRAHI, Respondent, v SANDRA PING LAM, Appellant. [836 NYS2d 200]—

In an action, inter alia, to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Schneier, J.), dated July 7, 2006, which granted the plaintiff's motion for summary judgment on the issue of liability and for summary judgment dismissing the affirmative defenses alleging comparative negligence.

Ordered that the order is affirmed, with costs.

This case arises from an intersection collision wherein the only traffic control device was a stop sign controlling the defendant's approach to the intersection. At her deposition the defendant testified that after coming to a stop at the sign, she observed the plaintiff's vehicle before she began to move into the intersection.

In support of his motion for summary judgment, the plaintiff established that the defendant failed to yield the right-of-way to the plaintiff's car "which [was] approaching so closely . . . as to constitute an immediate hazard" (Vehicle and Traffic Law § 1142 [a]; *see also* Vehicle and Traffic Law § 1172 [a]; *Platt v Wolman*, 29 AD3d 663 [2006]; *Meliarenne v Prisco*, 9 AD3d 353 [2004]; *Morgan v Hachmann*, 9 AD3d 400 [2004]). The plaintiff, who had the right-of-way, was entitled to assume that the defendant would obey traffic laws requiring her to yield (*see* Vehicle and Traffic Law § 1142 [a]; *Rossani v Rana*, 8 AD3d 548 [2004]).

Accordingly, the plaintiff demonstrated, prima facie, that the defendant was negligent as a matter of law (*see Disher v Ahern*, 294 AD2d 393 [2002]). In opposition, the defendant failed to raise a triable issue of fact (*see Klein v Byalik*, 1 AD3d 399 [2003]; *Szczotka v Adler*, 291 AD2d 444 [2002]). Therefore, the Supreme Court properly granted the plaintiff's motion for sum-

mary judgment (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Schmidt, J.P., Santucci, Florio and Balkin, JJ., concur.