■ GALO MALIZA et al., Respondents, v PUERTO-RICAN TRANSPORTATION CORP. et al., Respondents, and ROBERTO LUNA, Appellant. [854 NYS2d 763]—

In an action to recover damages for personal injuries, the defendant Roberto Luna appeals from an order of the Supreme Court, Kings County (Jacobson, J.), dated September 27, 2006, which denied his motion for summary judgment, in effect, dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Roberto Luna for summary judgment, in effect, dismissing the complaint and all cross claims insofar as asserted against him is granted.

The plaintiffs were passengers in a vehicle operated by the defendant Edison Moposita (hereinafter Moposita), which collided with a vehicle operated by the defendant Roberto Luna at the intersection of Knickerbocker Avenue and Jefferson Street in Brooklyn. A stop sign at the subject intersection controls traffic traveling on Jefferson Street, but no stop sign controls traffic traveling on Knickerbocker Avenue. At their depositions, the plaintiffs testified that Moposita brought his vehicle to a complete stop at the stop sign on Jefferson Street before proceeding into the intersection, where his vehicle was struck by Luna's vehicle. Luna subsequently moved for summary judgment, contending that Moposita's negligence was the sole proximate cause of the accident because Moposita came through the stop sign at a high rate of speed and failed to yield the right of way. The Supreme Court denied the motion, finding, inter alia, that there was an issue of fact as to whether Moposita stopped at the stop sign prior to entering the intersection. We reverse.

"A driver who fails to yield the right-of-way after stopping at a stop sign controlling traffic is in violation of Vehicle and Traffic Law § 1142 (a) and is negligent as a matter of law" (*Gergis v Miccio*, 39 AD3d 468, 468 [2007]; *see Exime v Williams*, 45 AD3d 633 [2007]; *Marcel v Chief Energy Corp.*, 38 AD3d 502 [2007]). Here, Luna made a prima facie showing of his entitlement to summary judgment by submitting evidence that Moposita failed to properly observe and yield to cross traffic before proceeding into the intersection (*see Exime v Williams*, 45 AD3d at 634; *Hull v Spagnoli*, 44 AD3d 1007 [2007]; *Gergis v Miccio*, 39 AD3d

at 468-469; *Bongiovi v Hoffman*, 18 AD3d 686 [2005]). As the driver with the right-of-way, Luna was entitled to assume that Moposita would obey the traffic laws requiring him to yield (*see Hull v Spagnoli*, 44 AD3d at 1007; *McCain v Larosa*, 41 AD3d 792, 793 [2007]; *Gergis v Miccio*, 39 AD3d at 468-469) "The question of whether [Moposita] stopped at the stop sign is not dispositive, since the evidence established that he failed to yield even if he did stop" (*Morgan v Hachmann*, 9 AD3d 400, 400 [2004]; *see Exime v Williams*, 45 AD3d at 633-634; *McCain v Larosa*, 41 AD3d at 793). Although a driver with a right-of-way also has a duty to use reasonable care to avoid a collision (*see Mateiasevici v Daccordo*, 34 AD3d 651, 652 [2006]; *Cox v Nunez*, 23 AD3d 427 [2005]), in opposition to the motion the plaintiffs failed to raise an issue of fact as to whether Luna was comparatively negligent (*see Hull v Spagnoli*, 44 AD3d at 1007; *Mateiasevici v Daccordo*, 34 AD3d at 652; *Klein v Byalik*, 1 AD3d 399 [2003]; *Gravina v Wakschal*, 255 AD2d 291, 291-292 [1998]).

Furthermore, the plaintiffs' contention that Vehicle and Traffic Law § 1140 (a) required Luna to yield the right-of-way to a vehicle entering the intersection from a different highway is without merit. That provision pertains to uncontrolled intersections (*see* Vehicle and Traffic Law §§ 149, 1140 [c]), and is superseded by Vehicle and Traffic Law §§ 1142 and 1172, which deal specifically with the rights and obligations of vehicles at intersections controlled by stop signs (*see Le Claire v Pratt*, 270 AD2d 612, 613 [2000]; *Crespo v New York City Hous. Auth.*, 222 AD2d 300 [1995]). Miller, J.P., Covello, Eng and Chambers, JJ., concur.