■ BELLA GORELIK, Appellant, et al., Plaintiff, v LAIDLAW TRANSIT, INC., et al., Respondents. [856 NYS2d 197]—

In an action to recover damages for personal injuries, the plaintiff Bella Gorelik appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated January 10, 2007, as denied her motion for summary judgment on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the plaintiff Bella Gorelik for summary judgment on the issue of liability is granted.

The plaintiff Bella Gorelik (hereinafter the plaintiff) allegedly sustained injuries when the car she was operating collided at an intersection with a bus owned by the defendant Laidlaw Transit, Inc., and operated by the defendant Sabella Brown. The traffic proceeding in Brown's direction was controlled by a stop sign at the intersection, while traffic proceeding in the plaintiff's direction was not controlled by any traffic device. Brown testified at her deposition that before proceeding into the intersection she saw the plaintiff's car approaching the intersection.

The plaintiff established her prima facie entitlement to judgment as a matter of law by presenting uncontroverted evidence that Brown proceeded into the intersection without yielding the right of way in violation of Vehicle and Traffic Law § 1142 (a) (*see Mizrahi v Lam,* 40 AD3d 594 [2007]; *Morgan v Hachmann,* 9 AD3d 400 [2004]; *Maxwell v Land-Saunders,* 233 AD2d 303 [1996]).

In opposition, the defendants failed to raise any triable issue of fact with respect to the plaintiff's alleged comparative negligence (*see Ishak v Guzman,* 12 AD3d 409 [2004]; *Lupowitz v Fogarty,* 295 AD2d 576 [2002]; *Maxwell v Land-Saunders,* 233 AD2d 303 [1996]). Accordingly, the plaintiff's motion for summary judgment on the issue of liability should have been granted. Skelos, J.P., Angiolillo, Leventhal and Belen, JJ., concur.