■ NICOLE KLEIN et al., Appellants-Respondents, v DAVID CRESPO et al., Respondents-Appellants, et al., Defendant, and ABRAHAM KLEIN et al., Respondents. [855 NYS2d 633]—

In an action to recover damages for personal injuries, the plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Grays, J.), dated January 26, 2007, as granted that branch of the motion of the defendants Abraham Klein and Robin Hood Country Day Care which was for summary judgment dismissing the complaint insofar as asserted against them, and the defendants David Crespo and Wendy Holguin-Crespo cross-appeal from so much of the same order as granted that branch of the motion of the defendants Abraham Klein and Robin Hood Country Day Care which was for summary judgment dismissing their cross claim insofar as asserted against those defendants.

Ordered that the order is affirmed, with one bill of costs payable by the appellants to the respondents Abraham Klein and Robin Hood Country Day School.

The plaintiffs commenced this action to recover damages allegedly arising from a motor vehicle accident. The infant plaintiffs were passengers in a vehicle driven by the defendant Abraham Klein in the course of his employment with the defendant Robin Hood Country Day Care (hereinafter Robin Hood) that collided at an intersection with a vehicle driven by the defendant David Crespo and owned by the defendant Wendy Holguin-Crespo. Klein was traveling south and Crespo was traveling east. There was a stop sign in Crespo's direction of travel. There was no traffic control device in Klein's direction of travel. Klein and Robin Hood moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The Supreme Court granted that relief. We affirm.

A driver who fails to yield the right-of-way after stopping at a stop sign controlling traffic is in violation of Vehicle and Traffic Law § 1142 (a) and is negligent as a matter of law (*see Gergis v Miccio,* 39 AD3d 468 [2007]; *Friedberg v Citiwide Auto Leasing, Inc.,* 22 AD3d 522 [2005]). A driver is required to see that which through proper use of his or her senses he or she should have seen, and a driver who has the right-of-way is entitled to antici-

pate that the other motorist will obey the traffic law requiring him or her to yield (*see Gergis v Miccio,* 39 AD3d 468 [2007]; *Friedberg v Citiwide Auto Leasing, Inc.,* 22 AD3d 522 [2005]). Here, Klein and Robin Hood established, prima facie, their entitlement to judgment as a matter of law on the issue of liability by demonstrating that Crespo, who was faced with a stop sign at an intersection, negligently entered the intersection without yielding the right-of-way, and that this was the sole proximate cause of the accident (*see Gergis v Miccio,* 39 AD3d 468 [2007]; *Friedberg v Citiwide Auto Leasing, Inc.,* 22 AD3d 522 [2005]). In opposition, neither the plaintiffs, Crespo, nor Holguin-Crespo raised a triable issue of fact as to the comparative negligence of either Klein or Robin Hood (*see Gergis v Miccio,* 39 AD3d 468 [2007]; *Friedberg v Citiwide Auto Leasing, Inc.,* 22 AD3d 522 [2005]). Consequently, the Supreme Court properly awarded Klein and Robin Hood summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Rivera, J.P., Ritter, Carni and Leventhal, JJ., concur.