■ ERNESTO ARIAS, Respondent, v CITY OF NEW YORK et al., Respondents, and DANNY WING L. CHEUNG et al., Appellants. [868 NYS2d 751]—

The plaintiff commenced this action to recover damages for personal injuries sustained in an automobile collision at an intersection. At his deposition, the defendant Danny Wing L. Cheung testified that he was driving his vehicle eastward into a four-way intersection. Cheung's wife, the defendant Annie K. Lee, was a passenger in the vehicle. Cheung testified that he stopped his vehicle at a stop sign governing the intersection, looked both ways and saw no pedestrian or vehicular traffic, and then proceeded into the intersection.

The plaintiff testified at his deposition that he was traveling in a northerly direction towards the intersection, that the stop sign governing his entry into the intersection was "erased," and that he drove through the intersection without slowing or stopping until his impact with the defendants' vehicle. The front end of the plaintiff's vehicle hit the mid-passenger side of the defendants' vehicle.

The Supreme Court erred in denying the motion of Cheung and Lee for summary judgment dismissing the complaint insofar as asserted against them. Pursuant to Vehicle and Traffic Law § 1140 (a), the driver of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has already entered the intersection from another road. By contrast, Vehicle and Traffic Law § 1140 (b) controls where the intersection is clear of traffic. Vehicle and Traffic Law § 1140 (b) provides that the driver entering from the right has the right-of-way and the driver entering from the left must yield. Cheung and Lee established, prima facie, that Cheung lawfully entered the intersection before the plaintiff after determining that the intersection was clear, and thus, that he had the right-of-way pursuant to Vehicle and Traffic Law § 1140 (a). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff did not present any evidence that the intersection was clear of vehicles before he entered it or that he preceded Cheung into the intersection. Accordingly, the plaintiff failed to establish that he had the right-of-way pursuant to Vehicle and Traffic Law § 1140 (b), and his contention that Cheung failed to yield

the right-of-way or otherwise failed to see that which there was to be seen is purely speculative and insufficient to raise a triable issue of fact (*see Platt v Wolman*, 29 AD3d 663 [2006]; *Klein v Byalik*, 1 AD3d 399 [2003]). Lifson, J.P., Florio, Eng and Belen, JJ., concur.