STEPHANY JARAMILLO, Respondent, v NATIVIDAD TORRES et al., Appellants. [875 NYS2d 197]—

In an action, inter alia, to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Weiss, J.), dated January 10, 2008, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The plaintiff allegedly was injured when the car she was operating collided at an intersection with a car owned by the defendant Natividad Torres and operated by the defendant Jonathan A. Herrera. The traffic proceeding in the plaintiff's direction was controlled by a stop sign at the intersection, while traffic proceeding in Herrera's direction was not controlled by any traffic device. The plaintiff testified at her deposition that she stopped at the stop sign before entering the intersection and did not see Herrera's car prior to the collision. At his dep-

osition, Herrera testified that he first saw the plaintiff's car less than one second before the accident, when it was already in the intersection.

The defendants established their prima facie entitlement to judgment as a matter of law by presenting uncontroverted evidence that the plaintiff proceeded into the intersection without yielding the right-of-way, in violation of Vehicle and Traffic Law § 1142 (a) (*see Gorelik v Laidlaw Tr., Inc.*, 50 AD3d 739 [2008]; *Maliza v Puerto-Rican Transp. Corp.*, 50 AD3d 650, 651 [2008]; *Exime v Williams*, 45 AD3d 633, 634 [2007]; *Gergis v Miccio*, 39 AD3d 468, 468-469 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact with respect to Herrera's alleged comparative negligence (*see Gravina v Wakschal*, 255 AD2d 291, 291-292 [1998]; *Snow v Howe*, 253 AD2d 870, 870-871 [1998]; *Maxwell v Land-Saunders*, 233 AD2d 303 [1996]). Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Spolzino, J.P., Ritter, Miller and Balkin, JJ., concur.