■ Roxi Rahaman et al., Respondents, v Hid Abodeledhman et al., Respondents, and Mauz M. Terab et al., Appellants. [883 NYS2d 259]—

In an action to recover damages for personal injuries, the defendants Muaz M. Terab and Grace Gonzalez appeal from an order of the Supreme Court, Kings County (Schneier, J.), dated February 1, 2008, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the motion of the defendants Muaz M. Terab and Grace Gonzalez for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted.

The plaintiffs commenced this action to recover damages for injuries allegedly sustained in a motor vehicle accident. The plaintiffs were passengers in a taxicab driven by the defendant Hid Abodeledhman in the course of his employment with the defendant Zoya Taxi Cab, Inc. (hereinafter Zoya Taxi). The taxicab collided at an intersection with a vehicle driven by the defendant Muaz M. Terab and owned by the defendant Grace

Gonzalez. There was a stop sign governing traffic proceeding in Abodeledhman's direction. There was no traffic control device controlling traffic proceeding in Terab's direction of travel. Terab and Gonzalez moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, arguing that Abodeledhman violated Vehicle and Traffic Law § 1142 (a) and § 1172 (a) and that his actions were the sole proximate cause of the accident. The Supreme Court denied the motion, finding that there was a triable issue of fact as to whether Terab was negligent. We disagree.

"A driver who fails to yield the right-of-way after stopping at a stop sign controlling traffic is in violation of Vehicle and Traffic Law § 1142 (a) and is negligent as a matter of law" (*Klein v Crespo*, 50 AD3d 745, 745 [2008]). "A driver is required to see that which through proper use of his or her senses he or she should have seen, and a driver who has the right-of-way is entitled to anticipate that the other motorist will obey the traffic law requiring him or her to yield" (*id.* at 745-746). However, "[t]here can be more than one proximate cause of an accident" (*Cox v Nunez*, 23 AD3d 427, 427 [2005]). Thus, a driver who lawfully enters an intersection may nevertheless be found partially at fault for an accident if that driver fails to use reasonable care to avoid a collision with another vehicle at an intersection (*see Exime v Williams*, 45 AD3d 633 [2007]).

Here, Terab and Gonzalez established their entitlement to judgment as a matter of law by submitting evidence demonstrating that Terab had the right-of-way, that because Abodeledhman failed to yield the right-of-way upon entering the intersection in violation of Vehicle and Traffic Law § 1142 (a), he was negligent as a matter of law, and that Abodeledhman's negligence was the sole proximate cause of the accident (*see Klein v Crespo*, 50 AD3d at 745; *Ponticello v Wilhelm*, 249 AD2d 459 [1998]). The question of whether Abodeledhman actually stopped at the stop sign before entering the intersection, as he was required to do under Vehicle and Traffic Law § 1172 (a), is not dispositive, as the evidence revealed that whether or not he stopped at the stop sign, he failed to yield to the defendant Terab's vehicle, which had the right-of-way (*see Exime v Williams*, 45 AD3d at 633).

In opposition, neither the plaintiffs nor Abodeledhman and Zoya Taxi raised a triable issue of fact as to any alleged comparative negligence of Terab. The speculative assertion of Abodeledhman and Zoya Taxi that Terab was traveling at an excessive rate of speed is unsupported by the record. Under the circumstances of this case, Terab's deposition testimony that he did

not look down the street on which Abodeledhman's taxicab was traveling before entering the intersection, and that he did not see the taxicab at any time prior to the accident were insufficient to raise a triable issue of fact (*see Mateiasevici v Daccordo*, 34 AD3d 651 [2006]; *Espinoza v Loor*, 299 AD2d 167 [2002]; *Gravina v Wakschal*, 255 AD2d 291 [1998]; *Maxwell v Land-Saunders*, 233 AD2d 303 [1996]). Terab was entitled to anticipate that Abodeledhman would obey the traffic laws requiring him to yield (*see Mateiasevici v Daccordo*, 34 AD3d at 651). Accordingly, the Supreme Court should have granted the motion of Terab and Gonzalez for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Skelos, J.P., Fisher, Leventhal and Lott, JJ., concur.