■ Elijah Zelaya et al., Appellants, v Deshana Starks, Defendant, and Kevin M. LaPlatney, Respondent. [890 NYS2d 64]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Galasso, J.), entered April 10, 2008, which, upon a jury verdict in favor of the defendant Kevin M. LaPlatney on the issue of liability, and upon the denial of their oral application pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence, is in favor of that defendant and against them dismissing the complaint insofar as asserted against that defendant.

Ordered that the judgment is affirmed, with costs.

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v Big V Supermarkets,* 86 NY2d 744 [1995]; *Nicastro v Park,* 113 AD2d 129 [1985]). The jury's determination that the defendant Kevin M. LaPlatney, a motorist whose direction of travel was not governed by a stop sign at the intersection where the subject accident occurred, was not negligent in the operation of his vehicle, is supported by a fair interpretation of the evidence. LaPlatney was entitled to anticipate that the defendant Deshana Starks, the operator of the vehicle in which the infant plaintiff was a passenger, and whose direction of travel was controlled by a stop sign at the subject intersection, would obey the traffic law which required her to yield the right-of-way (*see Jaramillo v Torres,* 60 AD3d 734 [2009]; *Exime v Williams,* 45 AD3d 633 [2007]; *Gergis v Miccio,* 39 AD3d 468 [2007]). Prudenti, P.J., Skelos, Covello and Austin, JJ., concur.