MEHRBAN KHAN, Respondent, v LIONEL NELSON et al., Appellants, et al., Defendants. [892 NYS2d 167]—

The plaintiff allegedly sustained personal injuries when the vehicle in which he was a passenger collided at an intersection in Queens County with a vehicle operated by the defendant Lionel Nelson and owned by the defendant Aspirity Transportation Corp. (hereinafter Aspirity). Only the road in which the Nelson vehicle was traveling as it approached the intersection was governed by a stop sign.

The plaintiff established his entitlement to judgment as a matter of law by demonstrating, prima facie, that Nelson was negligent in failing to yield the right-of-way (*see* Vehicle and Traffic Law § 1142 [a]; *Jaramillo v Torres,* 60 AD3d 734, 735 [2009]; *Maliza v Puerto-Rican Transp. Corp.,* 50 AD3d 650, 651 [2008]). In opposition, Nelson and Aspirity failed to submit evi-

dence sufficient to raise a triable issue of fact (*see Gorelik v Laidlaw Tr., Inc.*, 50 AD3d 739 [2008]). "The question of whether [Nelson] stopped at the stop sign is not dispositive, since the evidence established that he failed to yield even if he did stop" (*McCain v Larosa*, 41 AD3d 792, 793 [2007] [internal quotation marks omitted]; *see Marcel v Chief Energy Corp.*, 38 AD3d 502, 503 [2007]; *Morgan v Hachmann*, 9 AD3d 400 [2004]). Additionally, the contention of Nelson and Aspirity that the driver of the vehicle in which the plaintiff was a passenger was speeding was speculative (*see Yelder v Walters*, 64 AD3d 762, 765 [2009]; *Batts v Page*, 51 AD3d 833, 834 [2008]; *Meliarenne v Prisco*, 9 AD3d 353, 354 [2004]). Therefore, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability as against Nelson and Aspirity and, upon reargument, properly adhered to that determination.

A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]; *see Barnett v Smith*, 64 AD3d 669, 670 [2009]; *Chernysheva v Pinchuck*, 57 AD3d 936, 937 [2008]; *Dinten-Quiros v Brown*, 49 AD3d 588, 589 [2008]; *Madison v Tahir*, 45 AD3d 744 [2007]). The Supreme Court properly denied that branch of motion of Nelson and Aspirity which was for leave to renew since the new evidence would not have warranted denial of the plaintiff's motion (*see Gentilella v Board of Educ. of Wantagh Union Free School Dist.*, 60 AD3d 629, 630 [2009]; *Parola, Gross & Marino, P.C. v Susskind*, 43 AD3d 1020, 1021 [2007]). Mastro, J.P., Florio, Balkin and Leventhal, JJ., concur.