■ THOMAS W. THOMPSON, Respondent, v PEEJAY L. SCHMITT et al., Appellants. [902 NYS2d 606]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated October 8, 2009, as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action to recover damages for injuries allegedly sustained by him in a collision between the parties' vehicles at the intersection of Helen Avenue and George Street in Smithtown. It is uncontested that a stop sign controls the traffic on Helen Avenue in the direction in which the defendant driver was traveling and that George Street, upon which the plaintiff was traveling, was a through street with the right of way. In support of his motion for summary judgment, the plaintiff submitted evidence that, as he drove northbound on George Street, the defendant driver proceeded through the intersection and failed to stop or yield the right of way, causing the collision. In opposition, the defendant driver submitted an affidavit in which she averred that she stopped at the stop sign, looked both ways, saw no traffic on George Street, and saw the plaintiff's vehicle for the first time when she was in the middle of the intersection and the plaintiff's vehicle was about one car length away traveling "at a fast rate of speed . . . about 25-30 MPH."

A driver who fails to yield the right of way after stopping at a stop sign is in violation of Vehicle and Traffic Law § 1142 (a) and is negligent as a matter of law (*see Klein v Crespo*, 50 AD3d 745, 745 [2008]; *Gergis v Miccio*, 39 AD3d 468, 468 [2007]). "A driver is required to see that which through proper use of his or her senses he or she should have seen," and the driver with the

right of way "is entitled to anticipate that the other motorist will obey the traffic law requiring him or her to yield" (*Klein v Crespo*, 50 AD3d at 745-746; *see Sirot v Troiano*, 66 AD3d 763, 764 [2009]; *Hull v Spagnoli*, 44 AD3d 1007 [2007]; *Gergis v Miccio*, 39 AD3d at 468). "The question of whether the driver stopped at the stop sign is not dispositive where the evidence establishes that he or she failed to yield even if he or she did stop" (*Goemans v County of Suffolk*, 57 AD3d 478, 479 [2008]; *see Maliza v Puerto-Rican Transp. Corp.*, 50 AD3d 650, 652 [2008]; *Morgan v Hachmann*, 9 AD3d 400, 400 [2004]).

Here, the plaintiff established, prima facie, his entitlement to judgment as a matter of law on the issue of liability by demonstrating that the defendant driver, who was faced with a stop sign at the intersection of Helen Avenue and George Street, negligently entered the intersection without yielding the right of way to his approaching vehicle and that this was the sole proximate cause of the accident (*see* Vehicle and Traffic Law § 1142 [a]; *Klein v Crespo*, 50 AD3d at 745; *Hull v Spagnoli*, 44 AD3d at 1007; *Gergis v Miccio*, 39 AD3d at 468-469). In opposition, the defendants failed to raise a triable issue of fact, proffering only speculative assertions, unsupported by the record, that the plaintiff was driving at a "fast rate of speed" and failed to take reasonable evasive action to avoid the accident (*see Khan v Nelson*, 68 AD3d 1062, 1063 [2009]; *Mateiasevici v Daccordo*, 34 AD3d 651, 652 [2006]; *Platt v Wolman*, 29 AD3d 663 [2006]; *McNamara v Fishkowitz*, 18 AD3d 721, 722 [2005]).

The parties' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability. Rivera, J.P., Florio, Angiolillo and Lott, JJ., concur.