CHRISTOPHER G. SOCCI, Appellant, v LOUIS LEVY et al., Respondents. [935 NYS2d 332]—

Even when viewed in the light most favorable to the nonmoving party—here the defendants (see *Stukas v Streiter*, 83 AD3d 18 [2011])—the evidence submitted by the plaintiff in support of the motion established, prima facie, that the sole proximate cause of the accident was Levy's failure to yield the right-of-way to the plaintiff's motorcycle (see *Kutkiewicz v Horton*, 83 AD3d 904 [2011]; *Vainer v DiSalvo*, 79 AD3d 1023, 1024 [2010]; *Yelder v Walters*, 64 AD3d 762, 763-764 [2009]; *Palomo v Pozzi*, 57 AD3d 498 [2008]). The plaintiff testified at his deposition that the vehicle operated by Levy was approximately three inches away from his motorcycle when Levy made the U-turn, and immediately collided with the motorcycle. " '[A] driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision' " (*Vainer v DiSalvo*, 79 AD3d at 1024, quoting *Yelder v Walters*, 64 AD3d at 764; see *Jaramillo v Torres*, 60 AD3d 734 [2009]).

In opposition, the defendants failed to raise a triable issue of fact as to whether the plaintiff was at fault in the happening of the accident (see *Vainer v DiSalvo*, 79 AD3d at 1024; *Yelder v Walters*, 64 AD3d at 764). To the extent that the defendants suggest the possibility that the accident might have been avoided, the assertion is completely speculative and is inadequate to withstand summary judgment (see *Loch v Garber*, 69 AD3d 814, 816 [2010]; *Berner v Koegel*, 31 AD3d 591, 592 [2006]; *Jacino v Sugerman*, 10 AD3d 593, 595 [2004]).

Accordingly, the Supreme Court improperly denied the plaintiff's motion for summary judgment on the issue of liability. Skelos, J.P., Belen, Lott and Cohen, JJ., concur.