■ MICHAEL A. DEROSARIO, Appellant, v ROBERT J. GILL, Respondent. [987 NYS2d 225]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated November 13, 2012, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

"A driver who fails to yield the right-of-way after stopping at a stop sign controlling traffic is in violation of Vehicle and Traffic Law § 1142 (a) and is negligent as a matter of law" (*Maliza v Puerto-Rican Transp. Corp.*, 50 AD3d 650, 651 [2008] [internal quotation marks omitted]). Here, the defendant made a prima facie showing of entitlement to judgment as a matter of law by submitting evidence that he was not negligent and that the plaintiff's negligence in failing to properly observe and yield to cross traffic before proceeding into an intersection was the proximate cause of the accident (*see id.* at 651). As the driver with the right-of-way, the defendant was entitled to assume that the plaintiff would obey the traffic laws requiring him to yield (*see id.* at 652; *Russo v Scibetti*, 298 AD2d 514 [2002]). The question of whether the plaintiff stopped at the stop sign is not dispositive, since the evidence established that he failed to yield even if he did stop (*see Maliza v Puerto-Rican Transp. Corp.*, 50 AD3d at 652). Although a driver with a right-of-way also has a duty to use reasonable care to avoid a collision, in opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact as to whether the defendant was negligent (*see id.*; *Stiles v County of Dutchess*, 278 AD2d 304, 305 [2000]; *Puccio v Caputo*, 272 AD2d 387 [2000]; *Cenovski v Lee*, 266 AD2d 424 [1999]).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Sgroi, Hinds-Radix and Maltese, JJ., concur.