■ JOSHUA BREEN, Appellant, v WILLIAM A. SEIBERT, Respondent. [999 NYS2d 176]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Pastoressa, J.), dated December 2, 2013, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant was operating his vehicle northbound on Hummel Avenue in the Town of Islip and entered its intersection with Clarice Boulevard, where his vehicle came into contact with a motorized scooter operated by the plaintiff, which was traveling westbound on Clarice Boulevard. It was undisputed that traffic traveling north and south on Hummel Avenue was not controlled by any traffic control devices at its intersection with Clarice Boulevard, while traffic traveling east and west on Clarice Boulevard at its intersection with Hummel Avenue was controlled by stop signs.

The plaintiff commenced this action to recover damages for personal injuries allegedly sustained in the accident as a result of the defendant's negligence. The defendant moved for summary judgment dismissing the complaint, contending that the plaintiff was negligent as a matter of law and that his negligence was the sole proximate cause of the accident. The Supreme Court granted the defendant's motion. The plaintiff appeals, and we affirm.

With limited exceptions not relevant here, "every driver of a vehicle approaching a stop sign shall stop . . . and . . . yield the right of way to any vehicle . . . which is approaching so closely on said highway as to constitute an immediate hazard during the time when such driver is moving across or within the intersection" (Vehicle and Traffic Law § 1142 [a]). "A driver who fails to yield the right-of-way after stopping at a stop sign controlling traffic is in violation of Vehicle and Traffic Law § 1142 (a) and is negligent as a matter of law" (*Gergis v Miccio*, 39 AD3d 468, 468 [2007]; *see Derosario v Gill*, 118 AD3d 739, 739 [2014]; *Maliza v Puerto-Rican Transp. Corp.*, 50 AD3d 650, 651 [2008]).

"The operator of a vehicle with the right-of-way is entitled to assume that the opposing driver will obey the traffic laws requiring him or her to yield" (*Bennett v Granata*, 118 AD3d 652, 652 [2014]; *see Regans v Baratta*, 106 AD3d 893, 894 [2013]). Although a driver with a right-of-way also has a duty to use reasonable care to avoid a collision, a driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively at fault for failing to avoid the collision (*see Bennett v Granata*, 118 AD3d at 653; *Ducie v Ippolito*, 95 AD3d 1067, 1067-1068 [2012]; *Socci v Levy*, 90 AD3d 1020, 1021 [2011]; *Yelder v Walters*, 64 AD3d 762, 764 [2009]; *Jaramillo v Torres*, 60 AD3d 734, 735 [2009]).

Here, the defendant established, prima facie, his entitlement to judgment as a matter of law by demonstrating that the

plaintiff, who was faced with a stop sign at the subject intersection, negligently entered the intersection without yielding the right-of-way, and that the defendant was not comparatively at fault (*see* Vehicle and Traffic Law § 1142 [a]; *Bennett v Granata*, 118 AD3d at 653; *Derosario v Gill*, 118 AD3d at 739; *Rodriguez v Klein*, 116 AD3d 939, 939-940 [2014]; *Galvis v Ravilla*, 111 AD3d 600, 601 [2013]; *see also McNamara v Fishkowitz*, 18 AD3d 721, 722 [2005]; *Snow v Howe*, 253 AD2d 870, 871 [1998]). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's contentions that the defendant could have avoided the accident, or that he was otherwise negligent in the operation of his vehicle, were speculative and unsupported by the record (*see Ducie v Ippolito*, 95 AD3d at 1067-1068; *Socci v Levy*, 90 AD3d at 1021). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Mastro, J.P., Chambers, Sgroi and Miller, JJ., concur.