Shvydkaya v Park Ave. BMW Acura Motor Corp. (2019 NY Slip Op 03836)





Shvydkaya v Park Ave. BMW Acura Motor Corp.


2019 NY Slip Op 03836


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX, JJ.


2017-05716
 (Index No. 4006/15)

[*1]Svetlana Shvydkaya, respondent, 
v
Park Avenue BMW Acura Motor Corp., et al., appellants.


Martin, Fallon & Mullé, Huntington, NY (Richard C. Mullé of counsel), for appellants.
Thomas D. Wilson, P.C., Brooklyn, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Carolyn Wade, J.), dated March 10, 2017. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.
The plaintiff allegedly was injured when the automobile she was driving came into contact with an automobile owned by the defendant Park Avenue BMW Acura Motor Corp. and driven by the defendant Justin Dolcy. The collision occurred at the intersection of Avenue O and East 58th Street in Brooklyn. The plaintiff subsequently commenced this action to recover damages for personal injuries. Thereafter, the defendants moved for summary judgment dismissing the complaint, arguing that the plaintiff violated Vehicle and Traffic Law § 1142(a) and that the plaintiff's negligence was the sole proximate cause of the subject accident, and that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of that accident. The Supreme Court denied the defendants' motion. The defendants appeal. We reverse.
Pursuant to Vehicle and Traffic Law § 1142(a), a driver entering an intersection controlled by a stop sign must yield the right-of-way to any other vehicle that is already in the intersection or that is approaching so closely as to constitute an immediate hazard. As a general matter, a driver who fails to yield the right-of-way after stopping at a stop sign is in violation of Vehicle and Traffic Law § 1142(a) and is negligent as a matter of law (see Breen v Seibert, 123 AD3d 963, 964; Derosario v Gill, 118 AD3d 739, 739; Maliza v Puerto-Rican Transp. Corp., 50 AD3d 650, 651; Gergis v Miccio, 39 AD3d 468, 468). Further, a driver is negligent where he or she fails to see that which through the proper use of his or her senses he or she should have seen (see Pivetz v Brusco, 145 AD3d 806, 807; Estate of Cook v Gomez, 138 AD3d 675, 677; Rodriguez v Klein, 116 AD3d 939; Lu YuanYang v Howsal Cab Corp., 106 AD3d 1055, 1056). Moreover, a driver who has the right-of-way is entitled to anticipate that other drivers will obey traffic laws that require them to yield (see Yu Mei Liu v Waihong Liu, 163 AD3d 611; Giwa v Bloom, 154 AD3d 921; Kassim v Nur Uddin, 119 AD3d 529; Gause v Martinez, 91 AD3d 595, 596).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting the transcripts of the parties' deposition testimony. Dolcy testified that just before the accident, his vehicle was traveling straight on Avenue O through its intersection with East 58th Street. Avenue O was not governed by any traffic control devices at its intersection with East 58th Street. The plaintiff was turning right from East 58th Street onto Avenue O in the same direction that the Dolcy vehicle was traveling, when the subject accident occurred. East 58th Street was governed by a stop sign at its intersection with Avenue O. Further, the front of the plaintiff's vehicle struck the front right side of the Dolcy vehicle above the front right wheel. Moreover, the plaintiff failed to see the Dolcy vehicle before striking it, despite her testimony that she looked down Avenue O before attempting to turn right, and that she had an unobstructed view when she did so. This testimony was sufficient to establish, prima facie, that the plaintiff negligently drove her vehicle into the intersection without yielding the right-of-way, and that her negligence was the sole proximate cause of the accident (see Vehicle and Traffic Law § 1142[a]; Hunt v New York City Tr. Auth., 166 AD3d 735, 736-737; Shashaty v Gavitt, 158 AD3d 830, 831; Fuertes v City of New York, 146 AD3d 936, 937; Zuleta v Quijada, 94 AD3d 876, 877; Yelder v Walters, 64 AD3d 762, 763-764). In opposition, the plaintiff failed to raise a triable issue of fact as to whether Dolcy was at fault in the happening of the accident. Therefore, the defendants' motion for summary judgment dismissing the complaint should have been granted (see Gergis v Miccio, 39 AD3d 468; Laino v Lucchese, 35 AD3d 672).
In light of our determination, we do not reach the issue of whether the plaintiff sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
SCHEINKMAN, P.J., BALKIN, MILLER and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court