Belle-Fleur v Desriviere (2019 NY Slip Op 09244)





Belle-Fleur v Desriviere


2019 NY Slip Op 09244


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2017-05201 
2017-05202
 (Index No. 500484/14)

[*1]Claudiane Belle-Fleur, et al., plaintiffs-respondents,
v
Heris Desriviere, et al., defendants-respondents, Antonio Hernandez, et al., appellants.


Shearer PC, Locust Valley, NY (Mark G. Vaughan of counsel), for appellants.
Stefano A. Filippazzo, P.C., Brooklyn, NY (Louis A. Badolato of counsel), for plaintiffs-respondents.
Jaime E. Gangemi (Kornfeld, Rew, Newman & Simeone, Suffern, NY [William S. Badura], of counsel), for defendants-respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Antonio Hernandez and Julie P. Transit, Inc., appeal from (1) an order of the Supreme Court, Kings County (Johnny L. Baynes, J.), dated March 23, 2017, and (2) an order of the same court dated April 3, 2017. The order dated March 23, 2017, insofar as appealed from, denied that branch of the motion of those defendants which was pursuant to CPLR 3126(2) to preclude the defendants Heris Desriviere and Joseph Junior Basile from submitting affidavits or other statements or testimony in opposition to their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The order dated April 3, 2017, denied that branch of the motion of those defendants which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
ORDERED that the order dated March 23, 2017, is affirmed insofar as appealed from; and it is further,
ORDERED that the order dated April 3, 2017, is reversed, on the law, and that branch of the motion of the defendants Antonio Hernandez and Julie P. Transit, Inc., which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted; and it is further,
ORDERED that one bill of costs is awarded to the appellants, payable by the respondents appearing separately and filing separate briefs.
The plaintiffs commenced this action to recover damages for injuries allegedly sustained in a motor vehicle accident. The plaintiffs were passengers in a vehicle owned by the defendant Joseph Junior Basile and operated by the defendant Heris Desriviere (hereinafter the Desriviere vehicle). The Desriviere vehicle was traveling southbound on East 91st Street in [*2]Brooklyn when it collided with a vehicle owned by the defendant Julie P. Transit, Inc. (hereinafter Julie P. Transit), and operated by the defendant Antonio Hernandez (hereinafter the Hernandez vehicle). The Hernandez vehicle was traveling eastbound on Avenue M. It is uncontested that a stop sign controls the traffic on East 91st Street in the direction in which the Desriviere vehicle was traveling, and that Avenue M, the street on which the Hernandez vehicle was traveling, was a through street with the right-of-way.
Hernandez and Julie P. Transit moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, arguing, inter alia, that Desriviere violated Vehicle and Traffic Law § 1142(a) and that his actions were the sole proximate cause of the accident. Hernandez and Julie P. Transit also moved pursuant to CPLR 3126(2) to preclude Desriviere and Basile from submitting affidavits or other statements or testimony in opposition to their motion for summary judgment dismissing the complaint insofar as asserted against them due to the failure of Desriviere and Basile to appear for depositions.
In an order dated March 23, 2017, the Supreme Court, inter alia, denied that branch of the motion of Hernandez and Julie P. Transit which was pursuant to CPLR 3126(2) to preclude Desriviere and Basile from submitting affidavits or other statements or testimony in opposition to their motion for summary judgment. Thereafter, in an order dated April 3, 2017, the court denied that branch of the motion of Hernandez and Julie P. Transit which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Hernandez and Julie P. Transit appeal from both orders.
We agree with the Supreme Court's determination to deny that branch of the motion of Hernandez and Julie P. Transit which was pursuant to CPLR 3126(2) to preclude Desriviere and Basile from submitting affidavits or other statements or testimony in opposition to their motion for summary judgment. Hernandez and Julie P. Transit failed to submit an affirmation of good faith indicating that efforts had been made to resolve the discovery issue prior to engaging in motion practice, as required by 22 NYCRR 202.7(a)(2) (see Goodwin v Guardian Life Ins. Co. of Am., 156 AD3d 765, 767; Perez v Stonehill, 121 AD3d 960, 961). Moreover, there was no clear showing that Desriviere and Basile willfully and contumaciously failed to appear for examinations before trial (see CPLR 3126; Cannon v 111 Fulton St. Condominium, Inc., 162 AD3d 838, 839; Conciatori v Port Auth. of N.Y. & N.J., 46 AD3d 501, 502-503).
However, the Supreme Court should have granted that branch of the motion of Hernandez and Julie P. Transit which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. As a general matter, a driver who fails to yield the right-of-way after stopping at a stop sign in violation of Vehicle and Traffic Law § 1142(a) is negligent as a matter of law (see Breen v Seibert, 123 AD3d 963, 964; Derosario v Gill, 118 AD3d 739, 739; Maliza v Puerto-Rican Transp. Corp., 50 AD3d 650, 651). The driver with the right-of-way is entitled to anticipate that the other motorist will obey traffic laws that require him or her to yield (see Yu Mei Liu v Weihong Liu, 163 AD3d 611; Giwa v Bloom, 154 AD3d 921). Yet, "a driver traveling with the right-of-way may nevertheless be found to have contributed to the happening of the accident if he or she did not use reasonable care to avoid the accident" (Adobea v Junel, 114 AD3d 818, 819; see Lu Yuan Yang v Howsal Cab Corp., 106 AD3d 1055, 1056; Todd v Godek, 71 AD3d 872). Here, Hernandez and Julie P. Transit established their entitlement to judgment as a matter of law by submitting evidence demonstrating that (1) Hernandez had the right-of-way, (2) that because Desriviere failed to yield the right-of-way upon entering the intersection in violation of Vehicle and Traffic Law § 1142(a), he was negligent as a matter of law, and (3) that Desriviere's negligence was the sole proximate cause of the accident (see Williams v Hayes, 103 AD3d 713, 714-715; Thompson v Schmitt, 74 AD3d 789, 789-790; Maliza v Puerto-Rican Transp. Corp., 50 AD3d at 652). The question of whether Desriviere stopped at the stop sign is not dispositive, since the evidence established that he failed to yield even if he did stop (see Maliza v Puerto-Rican Transp. Corp., 50 AD3d at 652; Exime v Williams, 45 AD3d 633). In opposition, neither the plaintiffs nor Desriviere and Basile raised a triable issue of fact as to whether Hernandez was at fault in the happening of the accident.
DILLON, J.P., COHEN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court