Notaroberta v Golub (2024 NY Slip Op 02204)

Notaroberta v Golub

2024 NY Slip Op 02204

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2022-02001
 (Index No. 622354/18)

[*1]Nicole Notaroberta, appellant, 
v
Roby Golub, et al., respondents.

Puma Law Group, P.C., Hauppauge, NY (Zachary M. Beriloff of counsel), for appellant.
Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated March 3, 2022. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On July 31, 2018, at approximately 12:40 a.m., the plaintiff was walking across Sunrise Highway in Patchogue when she was struck by a motor vehicle owned by the defendant All Island Bread Company, Inc., and operated by the defendant Roby Golub. The accident occurred on a section of the highway where pedestrian crossing was not permitted.
Thereafter, the plaintiff commenced this action against the defendants to recover damages for personal injuries related to the accident. Following discovery, the defendants moved for summary judgment dismissing the complaint, arguing, inter alia, that the plaintiff was the sole proximate cause of the accident. By order dated March 3, 2022, the Supreme Court granted the defendants' motion. The plaintiff appeals.
The defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint by demonstrating that the plaintiff's conduct, in crossing the highway at night on a section where pedestrian crossing was not permitted, was the sole proximate cause of the accident (see Francis v Ride, 169 AD3d 771, 772; Balliet v North Amityville Fire Dept., 133 AD3d 559, 560). Furthermore, as is the case here, "a driver with the right-of-way who has only seconds to react . . . is not comparatively at fault for failing to avoid the collision" (Breen v Seibert, 123 AD3d 963, 964; see Tyberg v City of New York, 173 AD3d 1239, 1240).
In opposition, the plaintiff failed to raise a triable issue of fact. Notably, the plaintiff could not recall how the accident occurred, and her speculation that Golub may have contributed to the accident by looking behind his vehicle at merging traffic instead of at the roadway in front of him is insufficient to raise a triable issue of fact under the circumstances (see Francis v Ride, 169 AD3d at 772; Wade v Knight Transp., Inc., 151 AD3d 1107, 1110).
Accordingly, we affirm the order.
DILLON, J.P., IANNACCI, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court