■ KLAUS M. HOFFMAN et al., Appellants, v EASTERN LONG ISLAND TRANSPORTATION ENTERPRISE, INC., et al., Defendants, and ALAN W. MONROIG et al., Respondents. [698 NYS2d 552] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Schmidt, J.), dated July 10, 1998, which denied

their motion for a special trial preference pursuant to CPLR 3403 (a) (3), and (2) an order of the same court, dated November 5, 1998, which granted the motion of defendants Alan W. Monroig and Petro, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the appeal from the order dated July 10, 1998, is dismissed as withdrawn; and it is further,

Ordered that the order dated November 5, 1998, is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The defendants Alan W. Monroig and Petro, Inc., made out a prima facie case of their entitlement to summary judgment as a matter of law on the issue of liability by submitting the parties' examinations before trial, which showed that the vehicle operated by Monroig was lawfully stopped behind the vehicle operated by the injured plaintiff before it was struck from behind by the vehicle operated by the defendant Michael F. Fagan (*see, Zaslavskay v Twine,* 249 AD2d 466; *Doris v Calia,* 222 AD2d 550; *Edney v Metropolitan Suburban Bus Auth.,* 178 AD2d 398). The injured plaintiff testified that he felt only one impact and Michael F. Fagan testified that he had no knowledge as to whether the Monroig vehicle had hit the plaintiffs' vehicle before his own impact with the Monroig vehicle.

The burden therefore shifted to the plaintiffs to show, by admissible evidentiary proof, the existence of a factual question necessitating a trial. The plaintiffs' proof consisted of their attorney's affirmation, which was based upon unsubstantiated hypotheses and suppositions which were insufficient to defeat the motion for summary judgment. Furthermore, the self-serving hearsay statements contained in the police accident report were properly not considered in opposition to the motion for summary judgment (*see, Cover v Cohen,* 61 NY2d 261, 274; *Johnson v Phillips,* 261 AD2d 269; *Liguori v City of New York,* 250 AD2d 738; *Casey v Tierno,* 127 AD2d 727, 728; *Turner v Spaide,* 108 AD2d 1025, 1026). Bracken, J. P., Santucci, Altman, Friedmann and H. Miller, JJ., concur.