Second Department, July, 2005

(July 5, 2005)

■ Fredy Arbizu, Appellant, v REM Transportation, Inc., et al., Respondents. [799 NYS2d 231]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated February 2, 2005, as denied his motion for summary judgment on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion is granted.

The plaintiff established his prima facie entitlement to summary judgment on the issue of liability by submitting an affida-

vit in which he stated that the defendants' vehicle failed to yield at a stop sign and collided with his vehicle, which was proceeding through the intersection. This evidence was sufficient to establish the plaintiff's prima facie entitlement to judgment as a matter of law on the issue of liability (*see* Vehicle and Traffic Law § 1142 [a]; *Nolan v Mizrahi,* 12 AD3d 430 [2004]; *Morgan v Hachmann,* 9 AD3d 400 [2004]; *Spatola v Gelco Corp.,* 5 AD3d 469 [2004]; *Yusupov v Lugo,* 305 AD2d 496 [2003]; *Gillinder v Hemmes,* 298 AD2d 493 [2002]). The defendants failed to submit an affidavit from a person with personal knowledge of the facts either denying the plaintiff's allegations or offering a nonnegligent explanation for the collision (*see Wilke v Price,* 221 AD2d 846 [1995]; *Salenius v Lisbon,* 217 AD2d 692 [1995]). Furthermore, the defendants' mere hope that evidence sufficient to defeat the motion may be uncovered during the discovery process was also insufficient to defeat the motion (*see Neryaev v Solon,* 6 AD3d 510 [2004]; *Spatola v Gelco Corp., supra*; *Frouws v Campbell Foundry Co.,* 275 AD2d 761 [2000]). Accordingly, the Supreme Court erred in denying the plaintiff's motion for summary judgment on the issue of liability. H. Miller, J.P., S. Miller, Goldstein, Mastro and Lifson, JJ., concur.