ALFRED F. MARIETTA et al., Respondents, v ANTOINETTE SCELZO et al., Respondents, and JEFFREY ROGOVE, Appellant. [815 NYS2d 137]—

In an action to recover damages for personal injuries, the defendant Jeffrey Rogove appeals from an order of the Supreme Court, Kings County (Hubsher, J.), dated September 21, 2004, which, in effect, denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him, or in the alternative, for summary judgment dismissing the complaint insofar as asserted by the plaintiff Dennis Gatti on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with one bill of costs, that branch of the motion which was to dismiss the complaint and all cross claims insofar as asserted against the appellant is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The appellant established his prima facie entitlement to judgment as a matter of law on the issue of liability by submitting the parties' examinations before trial, which showed that the appellant's vehicle was in the process of lawfully stopping behind the plaintiffs' vehicle before it was struck from behind a vehicle operated by the defendant John C. Scelzo (*see Hoffman v Eastern Long Is. Transp. Enter.*, 266 AD2d 509 [1999]).

The burden then shifted to the plaintiffs to show, by admissible evidentiary proof, the existence of a triable issue of fact. The plaintiffs' proof, consisting of their attorney's affirmation, which was based upon unsubstantiated hypotheses and suppositions, was insufficient to defeat the motion for summary judgment (*see Hoffman v Eastern Long Is. Transp. Enter., supra*).

In view of our determination, we need not reach the appellant's remaining contention. Ritter, J.P., Mastro, Lunn and Covello, JJ., concur.