■ ADEL FENKO et al., Appellants, v GEORGETTE MEALING et al., Respondents. [841 NYS2d 378]—

In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated July 13, 2006, as denied their motion for summary judgment on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiffs' motion for summary judgment on the issue of liability is granted.

The plaintiffs established their prima facie entitlement to summary judgment on the issue of liability by demonstrating that the defendant Wanda J. Mealing failed to yield at a stop sign and collided with a vehicle operated by the plaintiff Adel Fenko (*see* Vehicle and Traffic Law § 1142 [a]; *Arbizu v REM Transp., Inc.,* 20 AD3d 375, 375-376 [2005]; *Morgan v Hachmann,* 9 AD3d 400 [2004]). In opposition, the defendants failed to submit evidence in admissible form to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557, 562-563 [1980]; *Arbizu v REM Transp., Inc., supra; Hoffman v Eastern Long Is. Transp. Enter.,* 266 AD2d 509, 510 [1999]). Furthermore, "the defendants' purported need to conduct discovery did not warrant denial of the motion since they already had personal knowledge of the relevant facts" (*Abramov v Miral Corp.,* 24 AD3d 397, 398 [2005]). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (*Lopez v WS Distrib., Inc.,* 34 AD3d 759, 760 [2006]; *see Pina v Merolla,* 34 AD3d 663, 664 [2006]). Accordingly, the Supreme Court erred in denying the plaintiffs' motion. Crane, J.P., Ritter, Dillon and Carni, JJ., concur.