■ CONCETTA CORWIN, Appellant, v HEART SHARE HUMAN SERVICES OF NEW YORK et al., Respondents. [887 NYS2d 246]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Balter, J.), dated February 18, 2009, which denied her motion for summary judgment on the issue of liability with leave to renew after the completion of discovery.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.

The plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability. The evidence submitted by the plaintiff demonstrated that the vehicle driven by the defendant Sherri L. Jackson struck a vehicle in which the plaintiff was a passenger, when Jackson, faced with a stop sign in her direction, failed to yield the right-of-way to the vehicle in which the plaintiff was a passenger, in violation of Vehicle and Traffic Law § 1142 (a) (*see Maliza v Puerto-Rican Transp. Corp.,* 50 AD3d 650 [2008]; *Gergis v Miccio,* 39 AD3d 468 [2007]; *Arbizu v REM Transp., Inc.,* 20 AD3d 375 [2005]).

In opposition to the motion, the defendants failed to come forward with any evidence in admissible form sufficient to raise a triable issue of fact (*see Jaramillo v Torres,* 60 AD3d 734 [2009]; *Fenko v Mealing,* 43 AD3d 856 [2007]). The statement by Jackson recorded in the police accident report, to the effect that she observed the plaintiff's vehicle slow down in the intersection and assumed that the plaintiff was allowing her to proceed, was insufficient to raise a triable issue of fact (*see Laino v Lucchese,* 35 AD3d 672 [2006]; *Marietta v Scelzo,* 29 AD3d 539 [2006]; *Parisi v Mitchell,* 280 AD2d 589 [2001]). The plaintiff's husband, the driver with the right-of-way, was entitled to anticipate that Jackson would obey traffic laws that required her to yield (*see Platt v Wolman,* 29 AD3d 663 [2006]; *Bongiovi v Hoffman,* 18 AD3d 686 [2005]; *Dileo v Barreca,* 16 AD3d 366 [2005]; *Gillinder v Hemmes,* 298 AD2d 493 [2002]).

Furthermore, contrary to the defendants' contention, the plaintiff's motion was not premature, as the defendants failed to offer an evidentiary basis to suggest that discovery might lead to relevant evidence and that facts essential to justify opposition to the motion were exclusively within the knowledge and control of the plaintiff and the nonparty driver (*see Kimyagarov v Nixon Taxi Corp.,* 45 AD3d 736 [2007]). "[T]he defendants' purported need to conduct discovery did not war-

rant denial of the motion since they already had personal knowledge of the relevant facts" (*Abramov v Miral Corp.,* 24 AD3d 397, 398 [2005]; *see Fenko v Mealing,* 43 AD3d at 856). "The mere hope or speculation that evidence sufficient to defeat a motion . . . may be uncovered during the discovery process is insufficient to deny the motion" (*Lopez v WS Distrib., Inc.,* 34 AD3d 759, 760 [2006]; *see Marcel v Chief Energy Corp.,* 38 AD3d 502 [2007]; *Pina v Merolla,* 34 AD3d 663 [2006]).

Consequently, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability. Prudenti, P.J., Miller, Chambers and Roman, JJ., concur.