■ Pardhan Singh et al., Appellants, v Garpaul Singh et al., Respondents. [916 NYS2d 527]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Golia, J.), entered July 27, 2010, which denied their motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiffs' motion for summary judgment on the issue of liability is granted.

The plaintiffs' motor vehicle was involved in an intersection collision with the defendants' vehicle. It is undisputed that the plaintiffs' direction of travel at the intersection was not governed by any traffic control device, while the defendants' direction of travel was controlled by a stop sign.

The plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability. The evidence submitted by the plaintiffs demonstrated that the defendants' vehicle struck the plaintiffs' vehicle after the defendants' vehicle failed to yield the right-of-way to the plaintiffs in violation of Vehicle and Traffic Law § 1142 (a) (see Maliza v Puerto-Rican Transp. Corp., 50 AD3d 650, 651 [2008]; Gergis v Miccio, 39 AD3d 468, 468-469 [2007]; Arbizu v REM Transp., Inc., 20 AD3d 375, 375-376 [2005]). In opposition to the motion, the defendants failed to come forward with any evidence in admissible form sufficient to raise a triable issue of fact (see Jaramillo v Torres, 60 AD3d 734, 735 [2009]; Fenko v Mealing, 43 AD3d 856 [2007]; Laino v Lucchese, 35 AD3d 672, 673 [2006]; Marietta v Scelzo, 29 AD3d 539 [2006]; Parisi v Mitchell, 280 AD2d 589, 590 [2001]).

Consequently, the Supreme Court should have granted the plaintiffs' motion for summary judgment on the issue of liability. Rivera, J.P., Leventhal, Sgroi and Miller, JJ., concur.