OPINION OF THE COURT
Michael A. Ciaffa, J.
Defendant moves for summary judgment dismissing plaintiffs no-fault action based upon the reports of its peer review doctor, William A. Ross, M.D. Plaintiff opposes the motion and cross-moves for an order compelling defendant to respond to plaintiffs outstanding interrogatories and requests for discovery.
The issues presented in this case involve an increasingly common practice by no-fault insurers: moving for summary judgment based upon “naked” peer review reports. The reports in question fail to attach copies of the medical records which purportedly provide the factual basis for the peer doctor’s opinion, contesting the medical necessity of three MRIs. Although a defendant need not necessarily submit those records in order to make a prima facie showing on a lack of medical necessity defense (see Active Imaging, P.C. v Progressive Northeastern Ins. Co., 29 Misc 3d 130[A], 2010 NY Slip Op 51842[U] [App Term, 2d Dept 2010]), the opponent can certainly make use of such records in challenging whether the peer doctor’s opinion has a sufficient “factual basis and medical rationale.” (See Novacare Med. P.C. v Travelers Prop. Cas. Ins. Co., 31 Misc 3d 1205[A], 2011 NY Slip Op 50500[U] [Nassau Dist Ct 2011, Ciaffa, J.].) Before the opponent can do so, however, it must first obtain the records. If the records are not records belonging to the provider suing for payment, the records typically are obtainable through discovery. Insurers can and should provide them routinely, upon request. But as this case illustrates, otherwise “routine” requests for discovery are sometimes ignored for many months, with the absence of production coming to a head only when the insurer seeks to have the plaintiffs case dismissed upon a motion for summary judgment.
Plaintiff, here, avers that it sought such discovery from defendant more than a year ago, and that it needs to obtain copies of the medical records referenced in the peer doctor’s reports in order to interpose “complete and proper opposition papers.” *575 Since plaintiff is a diagnostic facility, its attorneys state that plaintiff is not in possession of the treating doctors’ records. They assert that defendant’s peer review doctor “relied upon approximately 19 different documents when making his determination.” The documents in question include an initial examination report, and a follow-up report from the nonparty treating doctors. Importantly, the latter records appear to provide the factual predicate for the peer doctor’s opinions that certain MRIs performed by plaintiff lacked medical necessity. Furthermore, it appears that the subject tests were ordered by the treating doctors, not the plaintiff, and that the tests were simply performed by plaintiff in reliance upon the treating doctors’ referrals. Counsel for plaintiff goes on to argue: “Without these records, [plaintiff] is unable to . . . determine whether statements made by Dr. Ross are belied by the underlying medical records, or . . . submit the medical records to its own medical expert in order to obtain a rebuttal affidavit on the issue of medical necessity.”
In the instant case, the facts and circumstances at bar clearly warrant giving plaintiff an opportunity to obtain the underlying records that the peer review doctor reviewed. As permitted by CPLR 3212 (f), the court has discretion to deny a defendant’s motion for summary judgment, or to order a continuance to permit plaintiff to pursue disclosure of underlying medical records, when a defendant moves for summary judgment upon a “naked” peer review report that appears to rely heavily upon the content of such records. (See e.g. Total Equip., LLC v State Farm, Nassau Dist Ct, May 31, 2011, Ciaffa, J., index No. 18745/10; Brownsville Advance Med., P.C. v Maya Ins. Co., Nassau Dist Ct, May 25, 2011, Hirsh, J., index No. 15326/10.)
Based upon the court’s experience deciding countless no-fault summary judgment motions and trials, the court has every reason to believe that allowing discovery of the treating doctors’ medical records might “lead to relevant evidence” that may justify opposition to defendant’s motion. (See CPLR 3212 [f].) The outcome of such matters most often turn upon the persuasiveness of the expert opinions and testimony of peer review doctors, when judged in the context of the underlying medical records. Attorneys practicing in the no-fault field know all too well that attacks upon a peer doctor’s opinion frequently depend upon close analysis of the treating doctors’ medical records. Indeed, as this court noted in Novacare Med. P.C. v Travel *576 ers Prop. Cas. Ins. Co. (at *5), “[i]f the plaintiff can demonstrate, through references to the medical records . . . , that the peer review doctor’s opinion lacks a sufficient ‘factual basis’ and/or ‘medical rationale’ because ... it fails to address essential factual issues or is based upon disputed or apparently incorrect facts,” the defendant’s motion can be defeated without the need to obtain opposing expert proof. (Id.)
However, a plaintiff cannot make such an attack without the underlying medical records. Unlike no-fault matters brought by treating doctors, diagnostic facilities (like plaintiff) typically lack “personal knowledge” of the facts which establish (or contradict) the medical necessity of the tests in issue. Consequently, such diagnostic facilities are presumptively entitled to the benefit of CPLR 3212 (f) on the theory that “facts essential to justify opposition . . . [are] exclusively within the knowledge and control” of the nonparty treating physicians and the defendant’s peer review doctor. (See Corwin v Heart Share Human Servs. of N.Y., 66 AD3d 814, 815, 816 [2d Dept 2009] [rejecting argument that summary judgment motion was premature where opposing party “already had personal knowledge of the relevant facts”].)
Finally, unlike the circumstances presented in Elmont Open MRI & Diagnostic Radiology, P.C. v New York Cent. Mut. Fire Ins. Co. (30 Misc 3d 126[A], 2010 NY Slip Op 52222[U] [App Term, 2d Dept 2010]), plaintiffs counsel demonstrated both the need for such discovery, and that plaintiff requested discovery from defendant back in May 2010, long before defendant made the instant summary judgment motion. It is undisputed that defendant failed to respond to plaintiff’s discovery requests when they were made. Although defendant could have belatedly produced the documents in responding to the cross motion, defendant did not do so. Nor did it seek to excuse its inaction when the failure was raised in plaintiffs cross motion papers. Instead, defendant merely argues that service of its motion gave rise to an automatic stay of disclosure pursuant to CPLR 3214 (b). While defendant is technically correct with respect to the latter point, the same statute allows the court to “order [ ] otherwise.” CPLR 3212 (f) likewise authorizes court-ordered disclosure where it appears from opposing papers that “facts essential to justify opposition may exist but cannot then be stated.” This is such a case.
In conclusion, to move the matter forward, plaintiffs cross motion is granted to the extent of directing defendant to provide *577 plaintiff’s counsel with copies of the reports and documents reviewed by defendant’s peer review doctor within 30 days of the date of this order. Within 30 days thereafter, defendant may re-notice its summary judgment motion, upon proper notice, allowing plaintiff at least 30 days time to oppose. The re-noticed motion, plaintiffs opposition, and defendant’s reply (if any) can then be heard and determined on the merits.