OPINION OF THE COURT
Michael A. Ciaffa, J.
*425 Defendant renews its motion for summary judgment dismissing plaintiffs no-fault action, based upon a defense of lack of medical necessity. The motion is supported by an affirmed peer review report of Kevin S. Portnoy, D.C. Plaintiff opposes the motion. Its opposition includes a rebuttal peer review report from a nontreating doctor, Lloyd Kupferman, D.C.
Defendant’s prior motion was denied without prejudice to renewal following production of the medical records that Dr. Portnoy reviewed (see decision and order dated May 31, 2011). Defendant avers that it made such production as part of its June 22, 2011 response to plaintiff’s first set of interrogatories. Plaintiff does not contest the sufficiency of defendant’s response to interrogatories in its papers opposing defendant’s motion.
Defendant’s moving papers include adequate proof of defendant’s timely denial of plaintiff’s claim for no-fault benefits. Through affidavits from a claims representative and a claims support services supervisor, defendant established prima facie that the denial was timely mailed in accordance with defendant’s standard office practices and procedures. (See St. Vincent’s Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2d Dept 2008].) Plaintiffs opposition fails to raise a triable issue respecting the timely mailing of the denial.
In addition, the affirmed peer review report of Dr. Portnoy sets forth a facially sufficient factual basis and medical rationale for his opinion challenging the medical necessity of the durable medical equipment that is the subject of the denial. Although defendant’s proof, once again, fails to annex the underlying medical records reviewed by its peer doctor, the Appellate Term’s current decisions hold that submission of such medical records is “not part of defendant’s prima facie showing.” (See Active Imaging, P.C. v Progressive Northeastern Ins. Co., 29 Misc 3d 130[A], 2010 NY Slip Op 51842[U], *2 [App Term, 2d Dept 2010].) On the other hand, plaintiff acted within its rights, in opposing defendant’s prior motion, by seeking an opportunity to obtain production of the underlying medical records in order to mount meaningful opposition to defendant’s motion. (See East 75th St. Diagnostic Imaging v Clarendon Natl. Ins. Co., 33 Misc 3d 573 [Nassau Dist Ct 2011].) By allowing such discovery in this matter, the court reasoned that it “might ‘lead to relevant evidence’ ” that could justify opposition to defendant’s motion (see decision and order dated May 31, 2011 at 1).
Inexplicably, plaintiffs opposition to the instant motion neither submits the underlying medical records reviewed by Dr. *426 Portnoy, nor explains their absence. While such a failure to submit the underlying records is not necessarily fatal to plaintiffs argument, it underscores the weakness of plaintiffs opposition. In other cases, no-fault plaintiffs have frequently defeated insurer motions by utilizing the underlying medical records to undermine the stated factual basis and/or medical rationale for the peer doctor’s opinion. Plaintiff, here, has made no attempt to do so.
Moreover, upon close examination of the plaintiffs rebuttal proof, the absence of the underlying medical records weighs heavily against plaintiffs argument. According to Dr. Kupferman’s rebuttal report, he takes issue with Dr. Portnoy’s opinion based principally on his “review of this patient’s medical records.” Although Dr. Kupferman’s “independent review” of the medical records supposedly supports his contention that Dr. Portnoy’s “clinical reasoning” is “flawed,” the court is essentially being asked to determine, from this equally “naked” rebuttal peer review report, that triable issues exist. The court declines to do so upon the instant record.
Critically, under Appellate Term precedent (1) submission of the underlying medical records is not part of the defendant’s prima facie burden (see Active Imaging, P.C. v Progressive Northeastern Ins. Co., supra), and (2) opposing expert proof will not be sufficient to defeat the defendant’s motion unless it “meaningfully” refers to, and rebuts, the opinion of defendant’s peer review doctor. (See e.g. Bath Med. Supply, Inc. v New York Cent. Mut. Fire Ins. Co., 30 Misc 3d 137[A], 2011 NY Slip Op 50189[U], *2 [App Term, 2d Dept 2011]; Vinings Spinal Diagnostic, P.C. v GEICO Gen. Ins. Co., 29 Misc 3d 132[A], 2010 NY Slip Op 51897[U] [App Term, 2d Dept 2010]; Pan Chiropractic, P.C. v Mercury Ins. Co., 24 Misc 3d 136[A], 2009 NY Slip Op 51495[U] [App Term, 2d Dept 2009].)
In this court’s opinion, any “meaningful” rebuttal opinion from a nontreating doctor must ordinarily include copies of relevant medical records that provide a factual basis and/or medical rationale for rebutting the otherwise adequate evidence from defendant’s peer review expert. While defendant could have submitted the medical records as part of its motion, the Appellate Term holds that it need not do so to shift the burden to the plaintiff. At least where, as here, the plaintiffs rebuttal proof rests principally upon a medical records review by a nontreating doctor, plaintiff must submit those records to the court in order to raise a legitimate triable issue of medical necessity. In their *427 absence, submission of a naked, conclusory rebuttal report, by itself, is insufficient to raise a triable issue of medical necessity.
For all these reasons, the court concludes that defendant’s moving papers met its burden establishing entitlement to judgment as a matter of law, and that plaintiffs opposition fails to raise a triable issue of medical necessity. Accordingly, defendant’s motion is granted and the action is dismissed.