Harrinarain v Sisters of St. Joseph (2019 NY Slip Op 04919)





Harrinarain v Sisters of St. Joseph


2019 NY Slip Op 04919


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2018-11973
 (Index No. 701370/18)

[*1]Jasmattie Harrinarain, appellant,
v
Sisters of St. Joseph, et al., respondents.


Poltielov Law Firm, P.C. (Law Offices of Regis A. Gallet, LLC, Forest Hills, NY, of counsel), for appellant.
Kennedys CMK LLP, New York, NY (Michael R. Schneider and Hilary Simon of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), dated August 28, 2018. The order denied the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained in a motor vehicle accident that occurred at the intersection of 59th Avenue and 146th Street in Queens. The accident occurred when a vehicle operated by the plaintiff collided with a vehicle operated by the defendant Grace A. Seckendorf (hereinafter the defendant driver) and owned by the defendant Sisters of St. Joseph. Prior to the accident, the defendants' vehicle was traveling on 59th Avenue, which was governed by a stop sign, while the plaintiff's vehicle was traveling on 146th Street, which was not governed by any traffic control devices. The plaintiff moved for summary judgment on the issue of liability, the Supreme Court denied the motion, and the plaintiff appeals.
The plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability by demonstrating that the defendant driver negligently drove into the intersection on a street controlled by a stop sign without yielding the right-of-way to the plaintiff's vehicle (see Vehicle and Traffic Law § 1142[a]; Mastricova v Ruderman, 164 AD3d 1435; Singh v Singh, 81 AD3d 807; cf. Miller v Suffolk County Police Dept., 105 AD3d 918). In support of her motion, the plaintiff submitted her own affidavit and a copy of a police accident report containing the defendant driver's admission that she failed to stop at the stop sign before entering the intersection. Party admissions contained in an uncertified police report are admissible (see Pivetz v Brusco, 145 AD3d 806; Gezelter v Pecora, 129 AD3d 1021).
In opposition, the defendants failed to raise a triable issue of fact. Contrary to the defendants' contention, the plaintiff was not required to demonstrate the absence of her own comparative negligence to be entitled to summary judgment on the issue of liability (see Rodriguez [*2]v City of New York, 31 NY3d 312; Mastricova v Ruderman, 164 AD3d 1435; Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033).
Additionally, contrary to the defendants' contention, the plaintiff's motion was not premature, as the defendants failed to offer an evidentiary basis to suggest that discovery might lead to relevant evidence and that facts essential to justify opposition to the motion were exclusively within the knowledge and control of the plaintiff (see Corwin v Heart Share Human Servs. of N.Y., 66 AD3d 814).
Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability.
LEVENTHAL, J.P., COHEN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court