Ashby v Estate of Encarnacion (2019 NY Slip Op 08815)





Ashby v Estate of Encarnacion


2019 NY Slip Op 08815


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2019-03541
 (Index No. 709058/17)

[*1]Jennifer Ashby, appellant, 
v
Estate of Encarnacion, et al., respondents.


Erik Ikhilov, Brooklyn, NY (Maya Vax of counsel), for appellant.
Bruno, Gerbino & Soriano, LLP, Melville, NY (Nathan M. Shapiro of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert J. McDonald), entered February 19, 2019. The order denied the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.
On April 12, 2016, a vehicle owned and operated by the plaintiff was traveling north on 155th Street in Queens. There was no traffic control device governing traffic on 155th Street at its intersection with 114th Road. A vehicle owned by the defendant Ireno Encarnacion and operated by Maicol Encarnacion was traveling east on 114th Road. There was a stop sign governing traffic on 114th Road at its intersection with 155th Street. The plaintiff allegedly sustained personal injuries as a result of the collision between the two vehicles, and she thereafter commenced this personal injury action against Ireno Encarnacion and Maicol Encarnacion. Following Maicol's death, his estate was substituted as a defendant.
In support of her motion for summary judgment on the issue of liability, the plaintiff submitted her affidavit, wherein she attested that Maicol disregarded a stop sign and that she had the right of way as there was no traffic control device governing her way of travel. The plaintiff also submitted a certified copy of the police accident report, which contained Maicol's statement that he stopped at the stop sign and then continued to drive straight ahead, and that the plaintiff's vehicle "came out of nowhere." Contrary to the defendants' contention, the plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability by demonstrating that Maicol's negligence in failing to yield the right-of-way was a proximate cause of the accident (see Vehicle and Traffic Law §§ 1142[a]; 1172[a]; Kerolle v Nicholson, 172 AD3d 1187, 1188; Kaziu v Human Care Servs. for Families & Children, Inc., 167 AD3d 588; Kraynova v Lowy, 166 AD3d 600; Mastricova v Ruderman, 164 AD3d 1435). Moreover, the plaintiff's case was buttressed by Maicol's admission in the police report to the effect that he failed to see the plaintiff's vehicle prior to the collision (see Kerolle v Nicholson, 172 AD3d at 1188; Shvydkaya v Park Ave. BMW Acura Motor Corp., 172 AD3d 1130, 1132; Kraynova v Lowy, 166 AD3d at 602; Mastricova v Ruderman, 164 AD3d at 1435; Pivetz v Brusco, 145 AD3d 806; Voskin v Lemel, 52 AD3d 503).
In opposition, the defendants failed to raise a triable issue of fact as to whether Maicol had a nonnegligent excuse for the collision (see Moore v DL Peterson Trust, 172 AD3d 1058; Arbizu v REM Transp., Inc., 20 AD3d 375). That Maicol stopped at the stop sign was not dispositive, as he nevertheless failed to yield (see Kraynova v Lowy, 166 AD3d at 602; Hatton v Lara, 142 AD3d 1047). The assertions in the defendants' counsel's affirmation that the plaintiff may have been speeding or negligent in failing to take evasive action were speculative (see Pivetz v Brusco, 145 AD3d at 808). In any event, to be entitled to summary judgment on the issue of liability, a plaintiff is no longer required to show freedom from comparative fault in establishing his or her prima facie case (see Rodriguez v City of New York, 31 NY3d 312; Kraynova v Lowy, 166 AD3d at 602; Mastricova v Ruderman, 164 AD3d at 1436). Moreover, contrary to the defendants' contention, summary judgment was not premature due to outstanding discovery (see CPLR 3212[f]; Kerolle v Nicholson, 172 AD3d at 1189). The outstanding discovery allegedly would lead only to evidence of the plaintiff's comparative fault (see Francois v Tang, 171 AD3d 1139, 1140).
Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability.
CHAMBERS, J.P., AUSTIN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court