Newfeld v Midwood Ambulance & Oxygen Serv., Inc. (2022 NY Slip Op 02421)

Newfeld v Midwood Ambulance & Oxygen Serv., Inc.

2022 NY Slip Op 02421

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.

2019-13509
 (Index No. 509889/15)

[*1]Shelly Newfeld, etc., respondent, 
v
Midwood Ambulance & Oxygen Service, Inc., et al., appellants.

Cascone & Kluepfel, LLP, Garden City, NY (Howard B. Altman of counsel), for appellants.
Burns & Harris, New York, NY (Judith F. Stempler of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated November 21, 2019. The order granted the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative negligence.
ORDERED that the order is affirmed, with costs.
On April 1, 2015, on a roadway in Brooklyn, a vehicle operated by the plaintiff, Shelly Newfeld, in which Eric Lewis was a passenger, was struck in the rear by an ambulance operated by the defendant Michael Gontar and owned by the defendant Midwood Ambulance & Oxygen Service, Inc. (hereinafter Midwood). In August 2015, Newfeld and Lewis commenced this action to recover damages for personal injuries each allegedly sustained in the accident. In September 2015, the defendants interposed a verified answer, inter alia, denying the material allegations of the complaint and asserting 10 affirmative defenses. Lewis died in 2018, and the caption was amended to substitute Newfeld as the administrator of his estate. By notice of motion dated October 21, 2019, Newfeld moved for summary judgment on the issue of liability and dismissing the affirmative defenses alleging comparative negligence. In an order dated November 21, 2019, the Supreme Court granted the motion. The defendants appeal.
"A plaintiff is no longer required to show freedom from comparative fault to establish her or his prima facie entitlement to judgment as a matter of law on the issue of liability" (Xin Fang Xia v Saft, 177 AD3d 823, 825; see Rodriguez v City of New York, 31 NY3d 312, 323). Nevertheless, a plaintiff moving for summary judgment dismissing a defendant's affirmative defense of comparative negligence may seek to establish freedom from comparative fault as a matter of law (see Poon v Nisanov, 162 AD3d 804, 808).
"A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see Vehicle and Traffic Law § 1129[a]). As such, "a rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that [*2]operator to rebut the inference of negligence by providing a [non-negligent] explanation for the collision" (Drakh v Levin, 123 AD3d 1084, 1085; see Tutrani v County of Suffolk, 10 NY3d 906, 908; Lisetskiy v Weiss, 123 AD3d 775, 776).
Here, Newfeld established her prima facie entitlement to judgment as a matter of law on the issue of liability. She demonstrated, prima facie, that Gontar was negligent in his operation of the Midwood vehicle by striking the rear of her vehicle while it was stopped and that such negligence was a proximate cause of the accident (see Pollet v Charyn, 200 AD3d 728; Perez v Persad, 183 AD3d 771, 772; Xin Fang Xia v Saft, 177 AD3d at 826; Poon v Nisanov, 162 AD3d at 808). Newfeld also established her prima facie entitlement to judgment as a matter of law dismissing the defendants' affirmative defenses alleging that Newfeld and Lewis were comparatively negligent (see Higashi v M & R Scarsdale Rest., LLC, 176 AD3d 788, 790). The evidence Newfeld submitted in support of her motion included a split-screen video depicting the accident as recorded from the defendants' vehicle. One screen depicted Gontar looking down at his cell phone and not looking ahead at the traffic in front of his moving vehicle. The second screen simultaneously depicted the Midwood vehicle strike the rear of Newfeld's stopped vehicle, which was itself positioned behind an entire line of cars stopped or moving very slowly toward an intersection.
In opposition, the defendants failed to raise a triable issue of fact as to Gontar's negligence or whether Newfeld or Lewis were comparatively at fault in the happening of the accident. Furthermore, contrary to the defendants' contention, Newfeld's motion was not premature (see Kimyagarov v Nixon Taxi Corp., 45 AD3d 736, 737; Fenko v Mealing, 43 AD3d 856).
We reject the defendants' contention that the Supreme Court erred in considering Newfeld's motion for summary judgment on the merits because she did not attach a copy of the answer to her motion. "While CPLR 3212(b) requires that motions for summary judgment be supported by, inter alia, a copy of the pleadings, CPLR 2001 permits a court '[a]t any stage of an action,' to disregard a party's mistake, omission, defect, or irregularity if a substantial right of a party is not prejudiced" (Avalon Gardens Rehabilitation & Health Care Ctr., LLC v Morsello, 97 AD3d 611, 612, quoting CPLR 2001). Although Newfeld initially failed to include a copy of the answer with her motion for summary judgment, she attached a copy of it to her amended notice of motion. Thus, the record is sufficiently complete, and there is no evidence that a substantial right of the defendants was prejudiced by Newfeld's failure to submit a copy of the answer with her motion papers (see Montalvo v Episcopal Health Servs., Inc., 172 AD3d 1357, 1359; Avalon Gardens Rehabilitation & Health Care Ctr., LLC v Morsello, 97 AD3d at 612).
Accordingly, the Supreme Court properly granted Newfeld's motion for summary judgment on the issue of liability and dismissing the affirmative defenses alleging comparative negligence.
DILLON, J.P., DUFFY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court