Rumi v Charles (2025 NY Slip Op 00469)

Rumi v Charles

2025 NY Slip Op 00469

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
HELEN VOUTSINAS
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2023-07973
 (Index No. 723902/21)

[*1]Syed F. Rumi, plaintiff/counterclaim defendant- respondent, Christopher Quiah, plaintiff-respondent,
v
Jean Charles, defendant-respondent, Smith Colin, defendant/counterclaim plaintiff-appellant.

Baker, McEvoy & Moskovits (Marjorie E. Bornes, Freeport, NY, of counsel), for defendant/counterclaim plaintiff-appellant.
Subin Associates LLP, New York, NY (Robert J. Eisen and Pollack, Pollack, Isaac & De Cicco, LLP, of counsel), for plaintiff/counterclaim defendant-respondent and plaintiff-respondent.
Kelly, Rode & Kelly, LLP, Mineola, NY (Eric P. Tosca of counsel), for plaintiff/counterclaim defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Smith Colin appeals from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered June 5, 2023. The order denied the motion of the defendant Smith Colin for summary judgment dismissing the complaint and all cross-claims insofar as asserted against him.
ORDERED that the order is affirmed, with one bill of costs payable to the plaintiff/counterclaim defendant and the plaintiff.
The parties were involved in a three-vehicle collision. The plaintiff/counterclaim defendant, Syed F. Rumi, operated the lead vehicle, and the plaintiff Christopher Quiah (hereinafter, together with Rumi, the plaintiffs) was a passenger in that vehicle. The middle vehicle was operated by the defendant/counterclaim plaintiff Smith Colin. The rearmost vehicle was operated by the defendant Jean Charles. The plaintiffs commenced this action against the defendants to recover damages for personal injuries that the plaintiffs allegedly sustained in the collision. Colin asserted a counterclaim against Rumi. Colin moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against him. Colin contended that he was not negligent since his vehicle was stopped behind the plaintiffs' lead vehicle at a red light, when Charles's vehicle struck Colin's middle vehicle in the rear, propelling it into the lead vehicle. In an order entered June 5, 2023, the Supreme Court denied Colin's motion. Colin appeals.
"To obtain summary judgment it is necessary that the movant establish his cause of action or defense 'sufficiently to warrant the court as a matter of law in directing judgment' in his favor (CPLR 3212[b]), and he must do so by tender of evidentiary proof in admissible form" (Zuckerman v New York, 49 NY2d 557, 562; see Amica Mut. Ins. Co. v Kingston Oil Supply Corp., 134 AD3d 750, 751). "A rear-end collision with a stopped vehicle creates a prima facie case of [*2]negligence against the operator of the moving vehicle, thereby requiring that operator to rebut the inference of negligence by providing a non-negligent explanation for the collision. Evidence that a vehicle was struck in the rear and propelled into the vehicle in front of it may provide a sufficient non-negligent explanation" (Williams v Sala, 152 AD3d 729, 729 [citations and internal quotation marks omitted]; see Robinson v New York City Tr. Auth., 213 AD3d 786, 787). "Therefore, in a 'chain-collision accident, the defendant operator/owner of the middle vehicle may establish prima facie entitlement to judgment as a matter of law by demonstrating that the middle vehicle was properly stopped behind the lead vehicle when it was struck from behind by the rear vehicle and propelled into the lead vehicle'" (Nicola v Nicolas, 208 AD3d 791, 793, quoting McPhaul-Guerrier v Leppla, 201 AD3d 920, 922; see Bardizbanian v Bhuiyan, 181 AD3d 772, 772-773).
Here, Colin failed to meet his initial burden as the movant. Contrary to Colin's contention, although a police accident report submitted in support of his motion was certified, the statement contained therein as to how the accident occurred was not admissible, since the statement was not an admission against interest and constituted inadmissible hearsay (see Cover v Cohen, 61 NY2d 261, 274; Noakes v Rosa, 54 AD3d 317, 318; Hoffman v Eastern Long Is. Transp. Enter., 266 AD2d 509). With respect to Rumi's deposition testimony, submitted by Colin in support of his motion, Rumi attested that he did not witness the collision between the vehicles behind him and he merely speculated that Colin's vehicle was pushed into the plaintiffs' vehicle as a result of being struck in the rear by Charles's vehicle. Hence, contrary to Colin's contention, Rumi's deposition testimony was insufficient to demonstrate, prima facie, that Colin was not negligent in causing the accident (see Zeldin v Larose, 223 AD3d 858, 858-859; Yan Ping Xu v Zwienen, 212 AD3d 872, 873-874; Beauvoir v Samuel, 204 AD3d 741, 742). Since Colin failed to meet his initial burden as the movant, it is not necessary to review the sufficiency of the opposition papers.
We decline Rumi's request to search the record and award him summary judgment dismissing the counterclaim asserted against him.
BRATHWAITE NELSON, J.P., VOUTSINAS, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court